IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PATRICIA A. RICCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22-CV-889 |
| | ) | |
| DUKE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND JUDGMENT**

Under the Federal Arbitration Act (FAA), 9 U.S.C. §§1–16, a litigant can compel arbitration if it can prove:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [one party] to arbitrate the dispute.

*Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991); *see also Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016) (quoting *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 n.6 (4th Cir. 2012)).

The uncontradicted evidence[1] establishes that the plaintiff, Patricia Ricci, and the defendant, Duke University, agreed in writing that any disputes arising out of her employment or termination, including claims based on federal law, would be subject to "final and binding resolution through the applicable grievance or dispute resolution

---

[1] Whether the Court considers the motion under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(3), evidence outside the pleadings is appropriate.

procedure." *See* Doc. 9-1 at 5 ¶ 4; *id.* at 9–16 (showing dispute resolution process). Ms. Ricci's claims in this lawsuit arise out of her employment and termination. *See* Doc. 1 (asserting claims for employment discrimination and retaliation). Part of Ms. Ricci's job was to represent Duke's Information Technology department during audits conducted by "entities from around the country," Doc. 9-1 at 2 ¶ 2, so the interstate commerce connection has been established. Ms. Ricci has declined to participate in arbitration, as shown by her filing of this lawsuit, *see* Doc. 1, instead of initiating arbitration and by her later affirmative refusal. *See* Doc. 9-2 at 5 (email denying "consent to arbitration").

In her opposition to the motion to compel arbitration, Ms. Ricci does not address the applicable requirements or show why Duke has not met them. *See* Doc. 10. Instead, she addresses only the merits of her underlying claim. *See id*. But whether a claim is meritorious or not is irrelevant to a motion to compel arbitration. Ms. Ricci can pursue her claim on the merits before arbitrators.

All of Ms. Ricci's claims arise out of her employment and termination, and they are arbitrable. Thus, dismissal is appropriate. *See, e.g.*, *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); *Brito v. Major Energy Elec. Servs., LLC*, 526 F. Supp. 3d 95, 106 (D. Md. 2021) (collecting cases). Duke University's motion to compel arbitration and to dismiss will be granted.

It is **ORDERED** that:

1. The defendant's motion to compel arbitration and dismiss, Doc. 8, is **GRANTED**.

2. The plaintiff **SHALL** initiate arbitration proceedings under the procedures in the arbitration agreement if she wants to pursue her claims.

3. The case is **DISMISSED** without prejudice to the arbitration proceeding and without prejudice to any appropriate lawsuit brought after the arbitration is completed to enforce or set aside its results.

This the 3rd day of January, 2023.

_____
UNITED STATES DISTRICT JUDGE